United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30995
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL CRUZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-279-ALL
---------------------

Before DAVIS, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rafael Cruz pleaded guilty to two counts of distribution of heroin and was sentenced to 97 months of imprisonment on each count, to run concurrently, three years of supervised release on each count, to run concurrently, and a $200 special assessment. Cruz argues that under United States v. Booker, 125 S. Ct. 738 (2005), his Sixth Amendment right to a jury trial was violated when the district court adjusted his sentence for obstruction of justice and did not adjust his sentence for acceptance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility based on a fact that was not found by a jury beyond a reasonable doubt.  Although the obstruction of justice adjustment was based on several facts, Cruz contests only the district court's finding that he fled the jurisdiction to avoid prosecution.  Cruz concedes that he admitted in a factual basis that he fled the jurisdiction to avoid prosecution, but he argues that he signed the factual basis before Blakely v. Washington, 124 S. Ct. 2531 (2004), was decided and that he would not have waived his Sixth Amendment right to a jury trial concerning this fact if he had known that Booker would subsequently require a jury to find a fact used to adjust his sentence.

Cruz does not contest the fact that he fled the jurisdiction in an attempt to evade authorities.  Rather, he argues only that he would not have admitted this fact if he had known that he had a right to have a jury determine it under Booker.  However, neither the pre-Booker nor the post-Booker regime required Cruz to make such an admission, and Cruz offers no explanation why a different fact finder and a different standard of review would have affected his actions.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Hull, 160 F.3d 265, 269 (5th Cir. 1998).  Furthermore, Booker does not entitle Cruz to a jury determination of the contested fact.  See Mares, 402 F.3d at 518-19.  Rather, in the post-Booker regime, Cruz is entitled only to a district court determination of an advisory guidelines range

using a preponderance of the evidence standard of review and a consideration of the other sentencing factors set forth in 18 U.S.C. § 3553(a).  See id.

AFFIRMED.